Adam B. Merrill (029000)
abmerrill@polsinelli.com
**POLSINELLI PC**
One East Washington Street
Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000 │ Fax: (602) 264-7033

Daniel J. Dwyer, Esq. (State Bar No. 567026)
(*Application for admission pro hac vice forthcoming*)
ddwyer@verrill-law.com
Chris S. Lockman, Esq.* (State Bar No. 4816)
(*Application for admission pro hac vice forthcoming*)
clockman@verrill-law.com
**VERRILL DANA, LLP**
One Federal Street, 20th Floor
Boston, MA 02110
Tel: (617) 309-2600

*Attorneys for Defendant*
*DollarDays International, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise Cechini, individually and on behalf of all others similarly situated, | Case No. 2:20-cv-00749-PHX-DLR |
| Plaintiff, | **MOTION TO DISMISS** |
| vs. | |
| DollarDays International, Inc., | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

73611964.1

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT .............................. 1

II. LEGAL ARGUMENT ......................................................................... 3

    A.     Plaintiff Lacks Article III Standing to Bring the Claim; Therefore, the Court Lacks Subject Matter Jurisdiction. ...................... 3

    B.     Plaintiff's Complaint Should Be Dismissed Because Plaintiff Fails to State A Claim Upon Which Relief Can Be Granted. ............... 5

        1.     The Election Notice Explains the How to Elect Continuation Coverage. ............................................. 6

        2.     The Election Notice Provides the Amount that Each Qualified Beneficiary Must Pay for Continuation Coverage. ................................................................. 8

        3.     The Election Notice Advises of the Consequence of Delayed Payment and Includes an Address Indicating Where COBRA Premium Payments Should Be Mailed. ........... 9

        4.     The Election Notice Describes the Qualified Beneficiaries. .......................................................... 10

        5.     The Election Notice Identifies the Name, Address, and Telephone Number of the Entity Responsible for COBRA Administration. ....................................... 11

        6.     The Election Notice Provides All Material Explanatory Information. .......................................................... 12

        7.     The Election Notice May be Understood by the Average Plan Participant. ....................................................... 13

III. CONCLUSION .................................................................................. 14

73611964.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ................................................................................ 5, 14

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ..................................................................................... 5

Bryant v. Wal-Mart Store, Inc.,
No. 16-24818-CIV, 2019 WL 3542827 (S.D. Fla. Apr. 18, 2019) ........................ 4, 11

Cetacean Cmty. v. Bush,
386 F.3d 1169 (9th Cir.2004) ........................................................................ 3

City of Oakland v. Lynch,
798 F.3d 1159 (9th Cir. 2015) ....................................................................... 3

Cole v. Trinity Health Corp.,
No. C12-3075-MWB, 2014 WL 222724 (N.D. Iowa Jan. 21, 2014), aff'd,
774 F.3d 423 (8th Cir. 2014) ......................................................................... 5

In re Cutera Sec. Litig.,
610 F.3d 1103 (9th Cir. 2008) ....................................................................... 5

Lujan v. Defs. of Wildlife,
504 U.S. 555 (1992) ..................................................................................... 3

Maya v. Centex Corp.,
658 F.3d 1060 (9th Cir. 2011) ....................................................................... 3

Middlebrooks v. St. Coletta of Greater Wash., Inc.,
No. 1:10CV653, 2010 WL 3522084 (E.D. Va. Sept. 1, 2010) ........................... 9, 10, 12

Pham v. Greif, Inc.,
Case No. 1:20-cv-01988 ................................................................................ 2

Pruitt v. Best Buy Co., Inc.,
Case No. 8:20-cv-00110 ................................................................................ 2

Riddle v. PepsiCo, Inc.,
No. 19 ..................................................................................................... 11

Robins v. Spokeo, Inc.,
867 F.3d 1108 (9th Cir. 2017) ..................................................................... 3, 6

Saks v. Gov't Employees Ins. Co.,
  No. CV-20-00396-PHX-DLR, 2020 WL 1479143 (D. Ariz. Mar. 26,
  2020)...........................................................................................................5

Sanders v. Temenos USA, Inc.,
  No. 16-CV-63040, 2017 WL 4577235 (S.D. Fla. Oct. 13, 2017)....................................5

Spokeo, Inc. v. Robins,
  136 S. Ct. 1540 (2016) ...................................................................................3

In re Stac Electronics Securities Litigation,
  89 F.3d 1399 (9th Cir. 1996), cert. denied, 520 U.S. 1103 (1997)................................6

Steckman v. Hart Brewing, Inc.,
  143 F.3d 1293 (9th Cir. 1998) ........................................................................6

Steel Co. v. Citizens for Better Environment,
  118 S. Ct. 1003 (1998) ..................................................................................3

United States v. Howard,
  381 F.3d 873 (9th Cir. 2004) ..........................................................................2

United States v. Wilson,
  631 F.2d 118 (9th Cir.1980) ...........................................................................2

Valdivieso v. Cushman & Wakefield, Inc.,
  No. 8:17-CV-118-T-23JSS, 2017 WL 2191053 (M.D. Fla. May 18, 2017) ..................14

Wilson v. SW Bell Tele, Co.,
  55 F.3d 399 (8th Cir. 1995) ...........................................................................13

**Statutes**

29 U.S.C. § 1181 ...........................................................................................12

Consolidated Omnibus Budget Reconciliation Act of 1985 .........................................1–14

Employee Retirement Income Security Act of 1974 ...........................................2, 12, 13, 14

Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 et seq. (2010) .................13

**Rules**

Federal Rule of Evidence 201(b)(2) ....................................................................2

Federal Rule of Civil Procedure 12(b)(1)..........................................................1, 3, 14

Federal Rule of Civil Procedure 12(b)(6)..........................................................1, 5, 14

iii

**Other Authorities**

29 C.F.R. § 2590.606-4 ...........................................................1, 2, 6, 8, 9, 10, 11, 12, 13, 14

29 CFR § 2590.715-2704 .................................................................................. 13

*Extension of Certain Timeframes for Employee Benefit Plans, Participants,*
    *and Beneficiaries Affected by the COVID-19 Outbreak*, 85 Fed. Reg.
    26351 (May 4, 2020)...................................................................................... 4

## MEMORANDUM OF LAW

Defendant DollarDays International, Inc. ("DollarDays") respectfully moves the Court to dismiss Plaintiff Denise Cechini's Complaint (the "Complaint") in its entirety, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6). The Motion is made on the grounds that: (i) Plaintiff lacks standing and, thereby, the Court lacks subject matter jurisdiction over this matter; and (ii) the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on the Department of Labor ("DOL") Model COBRA Continuation Coverage Election Notice (the "Model Notice"), a true and correct copy of which is attached as <u>Exhibit A</u> to the accompanying Affidavit of James Jacobs (the "Jacobs Affidavit"), and the COBRA Election Notice provided to Plaintiff by HRPro (the "Election Notice"), a true and correct copy of which is attached as <u>Exhibit B</u> to the Jacobs Affidavit. The Complaint purported to attach both these exhibits, and it makes repeated reference to both. They are thus incorporated by reference in the Complaint and are properly part of the Rule 12 record. This Motion is further supported by the Certification of Conferral, filed concurrently.

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This Court must dismiss the Complaint with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6). Subject matter jurisdiction does not lie because Plaintiff's claim is not ripe, and her claim is not ripe because, as explained below, she is presently within the period during which she may exercise her rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and resume her insurance coverage retroactive to the date of her departure from DollarDays. Her present ability to elect COBRA coverage also prevents her from stating a claim; Plaintiff has suffered no damages. In addition, review of the Election Notice against the content requirements of 29 C.F.R. § 2590.606-4 and the Model Notice belies Plaintiff's repeated allegations that the Election Notice is deficient, and compels the Court to dismiss Plaintiff's sole count for failure to state a claim

upon which relief can be granted.

This putative class action appears to be an attempt by Plaintiff, Denise Cechini, to capitalize on a series of similar lawsuits recently filed in other districts alleging noncompliance with the election notice requirements of COBRA. Through a scattershot Complaint, Plaintiff makes a variety of allegations that appear to be unique to Plaintiff but are used to support a single "class claim for relief" through which Plaintiff alleges that DollarDays violated Section 606(a) of the Employee Retirement Income Security Act of 1974 ("ERISA") and 29 C.F.R. § 2590.606-4 by failing to provide Plaintiff with sufficient notice of her right to elect COBRA continuation coverage.

The Complaint refers to two individuals other than Plaintiff—Daniel Pruitt ("Pruitt") and Dau Pham ("Pham")—whose COBRA election notices are alleged to be deficient. (See Complaint at ¶¶ 14 and 29). These references do not support Plaintiff's allegation of a putative class. Neither Pruitt nor Pham has ever been a participant or beneficiary under any group health plan sponsored by DollarDays, see Jacobs Affidavit at ¶ 2, and, therefore neither would be entitled to a continuation of coverage under COBRA under any DollarDays plan. Rather, Pruitt and Pham are plaintiffs in separate but similar putative class-action lawsuits in other districts. Plaintiff's counsel in the captioned action represents Pham, a named plaintiff in an action filed March 26, 2020 in the U.S. District Court for the Northern District of Illinois (Pham v. Greif, Inc., Case No. 1:20-cv-01988). Pruitt is a named plaintiff in a case initiated January 15, 2020, in the U.S. District Court for the Middle District of Florida (Pruitt v. Best Buy Co., Inc., Case No. 8:20-cv-00110).[1] A comparison of the instant Complaint to the complaints of Pruitt and Pham reveals the pleadings to be largely identical, including with respect to Plaintiff's alleged termination date, the use of a male pronoun to describe Plaintiff, and the alleged deficiencies in the

---

[1] The Court may take judicial notice of pleadings filed in other courts. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (citing United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980)). DollarDays would gladly file a motion requesting the Court take judicial notice of the above-referenced dockets pursuant to Federal Rule of Evidence 201(b)(2) if the Court feels it is necessary under the circumstances.

Election Notice. An awareness of this copy-and-paste pleading practice may help to explain much of what DollarDays argues below.

## II.     LEGAL ARGUMENT

### A.     Plaintiff Lacks Article III Standing to Bring the Claim; Therefore, the Court Lacks Subject Matter Jurisdiction.

Standing is a threshold question and, therefore, is properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). Plaintiff has the exclusive burden to establish the elements required for standing.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." City of Oakland v. Lynch, 798 F.3d 1159, 1163 (9th Cir. 2015) (quoting Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir.2004)).

To have Article III standing, a Plaintiff must "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). The requirement that Plaintiff have suffered an injury in fact is the " '[f]irst and foremost' of standing's three elements." Spokeo, 136 S. Ct. at 1547 (quoting Steel Co. v. Citizens for Better Environment, 118 S. Ct. 1003 (1998)). To establish an injury in fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 1548. To determine whether a plaintiff alleging a statutory violation has sufficiently established a concrete injury requires the court to determine "whether the specific procedural violations alleged . . . actually harm, or present a material risk of harm to, such interests." Robins v. Spokeo, Inc., 867 F.3d 1108, 1113 (9th Cir. 2017).

Here, Plaintiff cannot plausibly allege that she suffered an injury in fact as a result of the purported failure to timely provide the Election Notice or the alleged deficiencies in that notice. At the time of this filing, Plaintiff has a current right to elect COBRA continuation

3

coverage. As clearly stated in the Election Notice, attached as <u>Exhibit B</u> to the Jacobs Affidavit, Plaintiff initially had until June 7, 2020 to elect COBRA. (<u>Exhibit B</u> to Jacobs Aff. at pp. 1, 2, 6, 7). The Election Notice specifically identifies the "Deadline to Request Coverage Continuation" date and the "DEADLINE TO ACCEPT DATE" as "06/07/2020." (<u>Id</u>. at pp. 6, 7). Moreover, due to joint Agency guidance published on May 4, 2020 extending certain timeframes for employee benefit plans in response to the COVID-19 national emergency (the "Extension Guidance"), Plaintiff's right to elect COBRA has been extended to "sixty (60) days after the announced end of the National Emergency or such other date announced by the Agencies in a future notification . . . ." *Extension of Certain Timeframes for Employee Benefit Plans, Participants, and Beneficiaries Affected by the COVID-19 Outbreak*, 85 Fed. Reg. 26351, 26353–54 (May 4, 2020). A national emergency was declared beginning March 1, 2020, and, at the time of this filing is ongoing. <u>See id</u>. at 26352. Because the Election Notice is dated April 8, 2020, the Extension Guidance mandates that Plaintiff's sixty-day election period for COBRA extends well beyond June 7, 2020.

The Election Notice also informs Plaintiff that her COBRA election will be retroactive to July 1, 2019 (<u>Exhibit B</u> to Jacobs Aff. at, p. 6), the day that her coverage ended because of her resignation from DollarDays. As explained in more detail below, the Election Notice clearly provides Plaintiff with all of the information she needs to elect COBRA continuation coverage. If she makes a COBRA election, Plaintiff will experience no gap in health insurance coverage.[2] Rather, she is in the same position today that she

---

[2] <u>Bryant v. Wal-Mart Store, Inc.</u>, No. 16-24818-CIV, 2019 WL 3542827 (S.D. Fla. Apr. 18, 2019) is distinguishable. In <u>Bryant</u>, the court denied the employer's motion to dismiss because, among other things, it found that the plaintiff sufficiently alleged a temporary loss of health insurance coverage before obtaining coverage under her domestic partner's plan. <u>Id</u>. at *3. Here, Plaintiff cannot plausibly allege a gap in coverage because her ability to elect coverage retroactive to the date her coverage ceased is stated clearly in the Election Notice purportedly attached to Plaintiff's Complaint.

would have been in had she timely received the Election Notice.[3] "The purpose of the civil enforcement provisions of COBRA is, above all, to put plaintiffs in the same position they would have been in but for the violation." See Cole v. Trinity Health Corp., No. C12-3075-MWB, 2014 WL 222724, at *7 (N.D. Iowa Jan. 21, 2014), aff'd, 774 F.3d 423 (8th Cir. 2014); Sanders v. Temenos USA, Inc., No. 16-CV-63040, 2017 WL 4577235, at *8-9 (S.D. Fla. Oct. 13, 2017) (declining plaintiff's request to impose a civil penalty on his former employer for not providing notice of his COBRA rights when employer allowed plaintiff to continue on its health insurance at no cost for one year following his termination.)

**B.    Plaintiff's Complaint Should Be Dismissed Because Plaintiff Fails to State A Claim Upon Which Relief Can Be Granted.**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading must contain "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Though well-pleaded factual allegations are to be taken as true, "legal conclusions couched as factual allegations are not entitled to the assumption of truth, Id. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim." Saks v. Gov't Employees Ins. Co., No. CV-20-00396-PHX-DLR, 2020 WL 1479143, at *1 (D. Ariz. Mar. 26, 2020) (citing In re Cutera Sec. Litig., 610 F.3d 1103, 1108 (9th Cir. 2008)).

The Complaint does not plausibly allege a right to relief. As an initial matter, Plaintiff's ability to retroactively elect COBRA coverage prevents her from stating a claim. The sole concrete harm Plaintiff sets forth in her Complaint is the bare allegation that she

---

[3] In fact, Plaintiff is in a better position because DollarDays will pay Plaintiff's share of insurance premiums from July 1, 2019 through April 1, 2020, as a condition of the insurance carrier allowing Plaintiff to enroll in COBRA continuation coverage retroactively. See Jacobs Affidavit at ¶ 5.

5

suffered "the loss of insurance coverage" and "incurred medical bills."[4] (Complaint, ¶¶ 4, 24). Plaintiff pleads no additional facts to support her claimed injury. As described above, Plaintiff is sitting on the right to elect COBRA continuation coverage at the time of this filing. (See Exhibit B to Jacobs Aff. at p. 7). The Election Notice purportedly attached to Plaintiff's own Complaint contradicts Plaintiff's allegation that she has suffered a loss of health insurance or will be required to pay medical bills in a manner inconsistent with her insurance coverage while employed at DollarDays. (Id. at pp. 1, 6, 7). Accordingly, the sole count alleged in the Complaint must be dismissed as Plaintiff has failed to plead any damages arising from DollarDays' actions.

At paragraph 24(a)–(g), the Complaint makes conclusory allegations that the Election Notice violates six substantive requirements of 29 C.F.R. § 2590.606-4, and vaguely alleges that the Election Notice is not "written in manner calculated to be understood by the average plan participant." (Complaint, ¶ 24). The Complaint's allegations concerning the Election Notice, however, are refuted by the plain text of the Election Notice. The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998) (citing In re Stac Electronics Securities Litigation, 89 F.3d 1399, 1403 (9th Cir. 1996), cert. denied, 520 U.S. 1103 (1997)). The particular deficiencies in the Complaint's allegations are explained as follows.

### 1. The Election Notice Explains the How to Elect Continuation Coverage.

The Complaint alleges that the Election Notice violates 29 C.F.R. § 2590.606-4(b)(4)(v) because "the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form . . . ." (Complaint, ¶ 24.a). One wonders

---

[4] Though Plaintiff alleges an "informational injury" (Complaint ¶ 27), she does not allege any manifestation of the injury, or any "real risk of harm" to a "concrete interest" apart from the alleged loss of health insurance and unpaid medical bills. Robins v. Spokeo, Inc., 867 F.3d 1108, 1116 (9th Cir. 2017).

73611964.1

whether Plaintiff has read the notice that she purports to describe. First, the "physical election form" of whose absence she complains is page seven of the Election Notice. (Exhibit B to Jacobs Aff. at p. 7). Second, the information regarding "how to enroll in COBRA" begins on page one of the Election Notice, and provides ample detail regarding who may be entitled to elect coverage, the time for electing coverage, the consequences of failing to elect, the form used to make the election, and the methods for delivering the form. (Id. at pp. 1–2). In addition, the COBRA election form, incorporated as page seven of the Election Notice, contains detailed instructions for how to enroll in COBRA continuation coverage. The information included on this "physical election form" is more than that contained in the Model Notice, which Plaintiff alleges as the standard to be met. (Complaint, ¶¶ 22–24, 54). Information regarding how to elect COBRA, as described by the Model Notice, on the one hand, and by the Election Notice, on the other, is as follows:

| Model Notice | Election Notice |
|---|---|
| **Instructions: To elect COBRA continuation coverage, complete this Election Form and return it to us. Under federal law, you have 60 days after the date of this notice to decide whether you want to elect COBRA continuation coverage under the Plan.**<br><br>**Send completed Election Form to: [_Enter Name and Address_]**<br><br>**This Election Form must be completed and returned by mail [_or describe other means of submission and due date_]. If mailed, it must be post-marked no later than [_enter date_].** | **QUALIFYING EVENT DATE:** 06/12/2019 **DEADLINE TO ACCEPT DATE:** 06/07/2020<br><br>To elect COBRA continuation coverage, you must complete this form by **circling which coverage(s)** you want to elect, total the selected coverage(s), complete the eligible enrollee information, sign and date the Election Form, and return it to HRPro at the address listed below. If you elect COBRA, you must pay the "applicable premium" by the due dates described on the COBRA Election Notice Information Summary Page. Your premium payment is considered made on the date you mail it as evidenced by the postmark date. NOTE: In order to be enrolled in the Health Benefits Continuation Plan this ENROLLMENT FORM must be received no later than 60 days from the date of this notice. **<u>Coverage will not be reinstated until initial premium is received.</u>** |

73611964.1

The Election Notice plainly "explains how to enroll in COBRA." (See Complaint, ¶ 24(a)). There is no deficiency in the Election Notice's explanation, and the Complaint does not feign to describe one. It thus fails to state a claim.

> **2.      The Election Notice Provides the Amount that Each Qualified Beneficiary Must Pay for Continuation Coverage.**

The Complaint next alleges that the Election Notice violates 29 C.F.R. § 2590.606-4(b)(4)(xi) because it "fails to provide the amount that each qualified beneficiary will be required to pay for continuation coverage." (Complaint, ¶ 24.b). Again, the COBRA election form at page seven of the Election Notice squarely refutes Plaintiff's allegation: the election form lists the exact premium payment for each line of available coverage (*i.e.*, medical, dental, and vision) and the cost associated with each available coverage tier (*i.e.*, Employee Only, Employee + Spouse, Employee + Children, Employee + 1). The information appears in the following clear and concise format:

**Vision - EyeMed**
**Current Tier:** Employee + Child(ren)
**Members:** Denise Cechini, Abigail Cechini
**Available Tiers:**

| Employee Only | Employee + Spouse | Employee + Child(ren) |
|---|---|---|
| $ 4.88 | $ 9.24 | $ 9.75 |

**Medical - Aetna Open 2500**
**Current Tier:** Employee + Child(ren)
**Members:** Denise Cechini, Abigail Cechini
**Available Tiers:**

| Employee Only | Employee + Spouse | Employee + Child(ren) |
|---|---|---|
| $ 331.42 | $ 753.60 | $ 688.65 |

**Dental - Guardian Value**
**Current Tier:** Employee + 1
**Members:** Denise Cechini, Abigail Cechini
**Available Tiers:**

| Employee Only | Employee + 1 |
|---|---|
| $ 36.18 | $ 73.12 |

It is impossible to square the Complaint's allegation at paragraph 24.b with the text of the Election Notice. Plaintiff's claim must fail because the information that Plaintiff claims is missing is in fact expressly contained the Election Notice. See Middlebrooks v. St. Coletta of Greater Wash., Inc., No. 1:10CV653, 2010 WL 3522084, at *3 (E.D. Va. Sept. 1, 2010) (dismissing proposed counts for failure to state a claim for relief when proposed counts allege COBRA election notice deficiencies but the notice "provides in substance the very disclosures Plaintiff's proposed [count] alleges it does not.")

### 3. The Election Notice Advises of the Consequence of Delayed Payment and Includes an Address Indicating Where COBRA Premium Payments Should Be Mailed.

The Complaint's third allegation of substantive deficiency is that the Election Notice violates 29 C.F.R. § 2590.606-4(b)(4)(xii) by "fail[ing] to provide what consequences, if any, would result from a delayed payment or the address to which payments should be sent." (Complaint, ¶ 24.c). Once again, the Election Notice refutes Plaintiff's allegation.

The payments to which 29 C.F.R. § 2590.606-4(b)(4)(xii) refers are the premium payments that a qualified beneficiary must make after making a COBRA election. The Election Notice describes in three places the consequences of delayed payment or non-payment of COBRA premiums. Specifically, under the heading "Cost of COBRA Coverage," the Election Notice describes when premium payments are considered made, the timing required for making premium payments, the payment grace period, and that premiums must be paid in full by the end of the grace period to avoid cancellation of coverage. (Exhibit B to Jacobs Aff. at pp. 3–4). In addition, the Election Notice explains that coverage will terminate when premiums are not paid timely (id. at p. 4) and contains the following bold, underlined text warning: "If your coverage is canceled for non-payment of premium, you cannot reinstate it." (Id. at p. 3). It is hard to imagine a clearer statement of the consequences of failing timely to pay premiums.

Plaintiff's companion allegation that the Election Notice fails to provide the address to which payments should be sent is ludicrous. The COBRA Election form, at page seven of

73611964.1

the Election Notice, states in bold text that payments are to be made to HRPro and provides the address for remitting payment:

**Please return this election form along with payment made payable to <u>HRPro.</u>**

**HRPro**
**Attn: COBRA Department**
**1025 N. Campbell Rd**
**Royal Oak, MI 48067**

Because the Election Notice expressly contains the information required by 29 C.F.R. § 2590.606-4(b)(4)(v), Plaintiff's claim fails. <u>See</u> <u>Middlebrooks</u>, 2010 WL 3522084, at *3.

**4.      The Election Notice Describes the Qualified Beneficiaries.**

The Complaint's fourth allegation of deficiency is that the Election Notice violates 29 C.F.R. § 2590.606-4(b)(4)(iii) because it "fails to provide a description by status or name of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage." (Complaint, ¶ 24.d). Again, false: the information required appears expressly in the Election Notice on pages one, six, and seven. Importantly, Plaintiff has not alleged that anyone other than herself was covered under a DollarDays' group health plan by virtue of her employment.[5] (Complaint, ¶ 14). Nevertheless, Plaintiff, Abigail Cechini, and "Other Insured Dependents, if any" are identified as recipients of the COBRA Election Notice in the heading on page one. (<u>Exhibit B</u> to Jacobs Aff. at pp. 1). Next, both Plaintiff and Abigail Cechini are listed as "Qualified Beneficiaries" with respect to each individual line of coverage for which they have a COBRA right, and their names are pre-filled as "members" for each line of coverage on the incorporated COBRA election form. (<u>Id.</u> at pp. 6–7). Again, Plaintiff's claim must fail because the Election Notice contains exactly the information that the Complaint alleges it to lack. <u>See</u> <u>Middlebrooks</u>, 2010 WL 3522084, at *3.

---

[5] This is a favorable reading of paragraph 14 of the Complaint, which states "Plaintiff is a former employee of Defendant and was covered based on his [*sic*] health plan through Defendant," while referencing a 2017 termination date.

**5.    The Election Notice Identifies the Name, Address, and Telephone Number of the Entity Responsible for COBRA Administration.**

The fifth alleged defect in the Election Notice is a violation of 29 C.F.R. § 2590.606-4(b)(4)(i): the Complaint alleges that the Election Notice "fails to provide the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits, including as to both the Plan Administrator and COBRA administrator." (Complaint, ¶ 24.e).

The allegation is doubly unable to state a claim. First, its implicit contention is that 29 C.F.R. § 2590.606-4(b)(4)(i) requires the Election Notice to identify both the COBRA administrator and the Plan Administrator. That allegation—really a characterization of law—is not correct: the regulation contains no requirement that a COBRA notice provide the name, address and telephone number of the Plan Administrator <u>and</u> COBRA administrator.[6] Second, even if the regulation did require such information, page six of the COBRA Notice identifies the COBRA Service Provider (that is, "the party responsible under the plan for the administration of continuation coverage benefits" (29 C.F.R. § 2590.606-4(b)(4)(i)) and the Plan Administrator in bold typeface in the following format:

| | |
|---|---|
| **COBRA Service Provider:** All notices and other communications regarding the Plan and regarding COBRA must be directed to: | **Plan Administrator:** Dollar Days International, Inc. is the Plan Administrator. |
| **HRPro**<br>**COBRA Department**<br>**1025 N. Campbell Rd**<br>**Royal Oak, MI 48067**<br>**(248) 543-2644 - Option 3** | **Dollar Days International, Inc.**<br>**3033 N 44th St, Ste 330**<br>**Phoenix, AZ 85018** |

---

[6] 29 C.F.R. § 2590.606-4(b)(4)(i) requires only that the Election Notice provide contact information of "the party responsible under the plan for the administration of continuation coverage benefits." <u>Id</u>. <u>Contra</u> <u>Riddle v. PepsiCo, Inc.</u>, No. 19 CV 3634 (VB), 2020 WL 883119, at *4 (S.D.N.Y. Feb. 24, 2020) (citing <u>Bryant v. Wal-Mart Store, Inc.</u>, 2019 WL 3542827, at *5)). The "party responsible" for COBRA administration under the Plan is HRPro, the COBRA Service Provider, not DollarDays in its capacity as the Plan Administrator.

11

(Exhibit B to Jacobs Aff. at p. 6).  Accordingly, because the Election Notice expressly contains the information required under 29 C.F.R. § 2590.606-4(b)(4)(i), Plaintiff's claim fails.  See Middlebrooks, 2010 WL 3522084, at *3.

### 6. The Election Notice Provides All Material Explanatory Information.

The Complaint's sixth and final allegation of particular defect in the Election Notice is that the notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) by failing to provide an "explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act. . . ." (Complaint, ¶ 24.f).  Plaintiff's claim that the Election Notice omits information regarding portability and guaranteed access to health coverage fails because the Election Notice is not required to contain the allegedly omitted content.  Plaintiff's claim that the Election Notice fails to provide special enrollment information is facially incorrect.

Plaintiff alleges that the Election Notice fails to provide an explanation regarding qualified beneficiaries decision whether to elect COBRA continuation coverage will affect special enrollment "under part 7 of title I of the Act."  The "Act" referred to in 29 C.F.R. § 2590.606-4(b)(4)(vi) is ERISA. 29 C.F.R. § 2590.606-4(a). Part 7 of ERISA concerns ERISA requirements for group health plans, including limitations on preexisting condition exclusions. (29 U.S.C. § 1181).  Contrary to Plaintiff's assertion, the Election Notice provides the following information regarding special enrollment considerations:

> In considering whether to elect COBRA coverage, you should take into account that you have special enrollment rights under federal law. You have the right to request special enrollment in another group health plan for which you are otherwise eligible (such as a plan sponsored by your spouse's employer) within 30 days after your group health coverage ends because of the qualifying event listed above. You will also have the same special enrollment right at the end of the COBRA coverage if you maintain COBRA coverage for the maximum time available to you.

(Exhibit B to Jacobs Aff. at p. 2, emphasis added).

Other information regarding portability of health insurance coverage is omitted from the Election Notice for good reason. Plaintiff alleges that the Model Notice sets the standard for what the Election Notice should contain (Complaint, ¶¶ 22–24, 54). The Model Notice itself, however, does not contain the information regarding portability of health coverage that Plaintiff alleges as missing from the Election Notice. (See Exhibit A to Jacobs Aff.). The omission of portability information from the Model Notice is not accidental. The Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 et seq. (2010) ("ACA") prohibits group health plans and group health insurance issuers from imposing any pre-existing condition exclusion, effective for plan years beginning on or after January 1, 2014. See ERISA § 715; 29 CFR § 2590.715-2704. Accordingly, information regarding the risk of losing the right to avoid the application of pre-existing exclusions is no longer relevant. In fact, the Model Notice, released by the DOL on May 2, 2014 to incorporate changes under the ACA, specifically eliminated discussion of portability of group health coverage contained in earlier versions of the DOL model notice. (Compare Exhibit A to Jacobs Aff. with 29 C.F.R. § 2590.606-4, App.). Because the information Plaintiff claims is lacking from the Election Notice is not required, Plaintiff's claim fails.

### 7.   The Election Notice May be Understood by the Average Plan Participant

Finally, the Complaint generally alleges that DollarDays violated 29 C.F.R. § 2590.606-4(b)(4) by failing to "provide a notice written in a manner calculated to be understood by the average plan participant." (Complaint ¶ 24.g) The only factual allegation in support of this broadside is that "Defendant's COBRA notice confused Plaintiff and resulted in his [sic] inability to make an informed decision as to electing COBRA continuation coverage." (Complaint, ¶ 25).

Plaintiff misperceives what 29 C.F.R. § 2590.606-4(b)(4) is about. The subsection is not concerned with subjective confusion: an election notice's sufficiency is evaluated under an objective standard rather than from the subjective perspective of the individual who happens to be filing suit. See Wilson v. SW Bell Tele, Co., 55 F.3d 399, 407 (8th Cir. 1995)

("The requirement that ERISA notices must be 'written in a manner calculated to be understood by the average plan participant' . . . appears to be an objective standard rather than requiring an inquiry into the subjective perception of the individual participants.").

Here, Plaintiff has pleaded no facts to support a claim of that the Election Notice is not susceptible to being understood by the "average plan participant." Accordingly, her claim fails. See Valdivieso v. Cushman & Wakefield, Inc., No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *1 (M.D. Fla. May 18, 2017) (dismissing count for alleged violation of 29 C.F.R. § 2590.606–4(b)(4) when plaintiff pleaded "[i]nsufficient facts" to "support the conclusory statement that an 'average' plan participant cannot understand the [COBRA election] notice."). Plaintiff's claim is exactly the type of threadbare allegation that does not suffice to survive a motion to dismiss under Rule 12(b)(6). See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

III.    **CONCLUSION**

For all of the above reasons, DollarDays respectfully request that the Court:

a.   GRANT this Motion to Dismiss with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6);

b.   AWARD Defendant's attorneys' fees under Section 502(g) of ERISA; and

c.   GRANT all other such relief that is just.

Dated this 15th day of May, 2020.

**POLSINELLI PC**

By:/s/*Adam B. Merrill*

    Adam B. Merrill
    One E. Washington Street, Suite 1200
    Phoenix, AZ 85004

**VERRILL DANA, LLP**

By:/s/*Daniel J. Dwyer*

    Daniel J. Dwyer, Esq.* (State Bar No. 567026)
    Chris S. Lockman, Esq.* (State Bar No. 4816)
    (*applications for admission *pro hac vice* forthcoming)
    One Federal Street, 20th Floor
    Boston, MA 02110

15

73611964.1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2020, I transmitted the foregoing document to the U.S. District Court Clerk's Office by using the CM/ECF System, which sent a copy of the foregoing document to the attorney of record for each other party registered and identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.


/s/_____
*An Employee of Polsinelli PC*

73611964.1